No. ———
First Circuit

ADAM BREAUX v. CHAS. GANUCHEAU, ET AL.

(December 8, 1925, Opinion and Decree)

(Syllabus by the Editor.)

1. **Louisiana Digest—Fixtures—Par. 2.**

The instances of immovables by destination given in Article 468 of the Civil Code are merely illustrative and not restrictive.

2. **Louisiana Digest—Fixtures—Par. 2.**

A dough-mixer and engine which were physically attached to the fundus of a building are immovable by destination within the intention of Article 468 of the Civil Code.

3. **Louisiana Digest—Execution—Par. 16, 168.**

A seizure by virtue of a fifa in execution of a judgment which was not based on a vendor's privilege or any other lien was subordinate to a prior seizure based on a mortgage and could not have the effect of setting aside or annulling the rights of the plaintiff in the prior suit.

Appeal from the Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit in which an injunction was granted enjoining the sale of a dough-mixer and engine on a writ of fi fa.

The lower court perpetuated the injunction and defendant appealed.

Judgment affirmed.

A. V. Pave, of Opelousas, attorney for plaintiff, appellee.

Sandoz & Sandoz, of Opelousas, attorneys for defendant, appellant.

MOUTON, J. On May 17, 1924, Jack Arseneaux, for the purpose of securing the sum of $600.00, executed a mortgage in favor of the Bank of Sunset and Trust Company on three town lots with all the

buildings and improvements thereon, situated in the village of Grand Coteau, Louisiana. This mortgage was recorded June 5, 1924. Jack Arseneaux had a baker-shop on that property, and to which were attached a dough-mixer, engine, ovens, pans, etc., at the time of the execution of this mortgage. The bank, in foreclosure proceedings, levied seizure on these lots and improvements on December 3, 1924. At the sheriff's sale of the property, under said proceedings, Adam Breaux, plaintiff herein, on January 10, 1925, bought the property with the building and improvements. Chas. Ganucheau, defendant, had obtained a judgment, on open account, against Jack Arceneaux, on November 17, 1924, and which was recorded on the same date. The mortgage Jack Arceneaux had given the bank had been recorded several months before this judgment was obtained or inscribed by Ganucheau. Ganucheau, defendant, obtained the issuance of a writ of fieri facias on his judgment January 6, 1925, in pursuance of which the sheriff, on January 7, 1925, seized the dough-mixer and engine situated in the bakery that had been erected on the lots mortgaged to the bank.

January 21, 1925, plaintiff filed this suit alleging that the dough-mixer and engine seized by defendant were immovable by nature and destination and as such were attached to the property he had acquired at sheriff's sale in execution of the bank's mortgage, and asking for a writ of injunction to arrest the sale. The injunction being granted the sheriff did not proceed with the sale of the dough-mixer and engine under the fi fa issued at the instance of defendant, judgment creditor of Jack Arceneaux, the seized debtor.

The first question presented for decision is as to whether or not this dough-mixer and engine were immovable by nature or destination. It is shown that this mixer and engine were placed in the baker-shop by Jack Arceneaux, the owner at the time; that the dough-mixer was necessary to make bread, and that the shop was used exclusively for that purpose. Arceneaux operated this bakery in Grand Coteau and, no doubt, was using this mixer for the purpose of making the bread he needed in his business. This mixer rests on a concrete foundation, and is bolted in the cement. The engine stands a little higher up and runs the mixer with a cogwheel. It is shown that the mixer and engine could be removed from the foundation by cutting the bolts which are attached to the cement and without breaking the foundation. It does not appear that these movables would necessarily be broken or injured if taken or would cause any breaking or injury to the building if removed therefrom. The mixer and engine were not therefore attached forever or in perpetuity to the building within the meaning intended to be conveyed under the provisions of Article 469, Civil Code.

The proof is that the mixer and engine were used exclusively for the manufacture of bread by the then owner, Jack Arceneaux. They were physically attached to the fundus, and there can be no doubt were placed there for the exploitation of the fundus, for its interest and utility. These movables were dedicated by the owner to the service of the fundus and became immovable by destination. C. C. 468; Scovel vs. Shadyside Co., 137 La. 918, 69 South. 745. Though these movables are not enumerated among the objects mentioned in Article 468, Civil Code, they nevertheless come within the purview of that article, the court having in Scovel vs. Shadyside Co., 137 La. 918, 69 South. 745, held that the instances given in that article as being immovable

by destination are merely illustrative and are not restrictive.

Attorneys for defendant contend that the dough-mixer and engine cannot be classed as immovables by destination, because the owner, Arceneaux, did not follow the requirements of Acts 30 and 187 of 1904. These statutes provide that the owner of real estate upon which is located an industrial or manufacturing plant may have machinery or appliances thereto attached classified as immovables by destination by making and having duly recorded a declaration that such appliances are to be considered as a whole, and part or parcel of the real estate on which they may be erected. In Bank of LeCompte vs. LeCompte Cotton Oil Mill, 125 La. 844, 51 South. 1010, the court held that there was nothing repugnant in the acts above mentioned, to the provisions of Article 468, Civil Code, and which remained in full force and effect. The court held that the said acts had provided a means by which the owner of an industrial plant might convert a movable into an immovable by making the declaration pointed out in these statutes. This declaration, says the court, "makes it possible for the owner to immobilize property where immobilization is not certain". The statutes, if we understand the legislative purpose correctly, were enacted for the purpose of allowing the owner of such plants, by the mere exercise of his individual will, to give the character of an intellectual or moral immovability to the articles or appliances which he might mention in the declaration permitted in these statutes. In the case at bar the owner did not have to depend on such a declaration to convert the mixer and engine into immovables by destination. The fact that they were attached to the building and had been dedicated by the owner to its service, brought them within the grasp of Article 468 C. C., making them immovables by destination. There was therefore no necessity for a declaration in conformity with Acts 30 and 187 of 1904.

The lower court in its opinion held that the seizure by defendant effected after the first seizure by the bank under its mortgage was of no effect or validity, citing Denton vs. Woods, 19 La. Ann. 356, and other decisions. Attorneys for defendant, while admitting that a second seizure cannot interfere with a prior one, contend that the cases cited by the court do not hold or indicate that a subsequent seizure would be invalid or illegal.

In Denton vs. Woods, 19 La. Ann. 356, the court held that the second seizure was ineffective, and did not authorize the disregarding of the first seizure which was the equivalent of holding that it was invalid.

In this case the mortgage was granted by Arceneaux on the lots, buildings and improvements. At that time the mixer and engine were attached to the building where the bakery was located. They became, for the reasons above stated, immovables by destination. As such, they were effectively incorporated with the lots and buildings, forming, in legal intendment, an integral part of the land and tenements as a whole. The mortgage given the bank covered every part of the property, lots, tenements, including the mixer and engine. The seizure by the bank under the mortgage affected every part of this property. The mixer and engine were validly seized under the mortgage. It is evident that the seizure of this mixer and engine by virtue of the fi fa in execution of the judgment of defendant, which was not based on a vendor's privilege or any other lien, was subordinate to the first seizure, and could not have the effect of setting aside or annulling the rights accruing to the bank under its mortgage. Though the seizure of

the defendant under his judgment preceded the sale, the bank had, however, the right to obtain a public sale of the whole property. Plaintiff bought at the sheriff's sale under the bank's mortgage, and acquired title to the land, buildings and the mixer and engine, an integral part thereof as an immovable by destination.

Attorneys for defendant take the position that plaintiff's petition does not disclose a cause of action because it is not alleged therein that he was the owner at the time of the seizure by defendant under his judgment. This seizure by defendant being ineffective for the reasons above stated, plaintiff, though he purchased at sheriff's sale after the seizure under the judgment, acquired ownership of the property, including the objects in contest, and had a cause of action to demand the recognition of his ownership thereto. The lower court correctly declared him the owner of the mixer, perpetuating the injunction.